FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

99 MAY 21 PM 2: 2

U.S. DISTRICT COUI
N.D. OF ALABAM/

NANCY FOSTER, individually )
and as parent and next friend
of BILLIE JOE FOSTER, )

    PLAINTIFFS, )

VS. )      CV99-H-836-E

ALABAMA INSTITUTE FOR DEAF )
AND BLIND; ROBERT SWAIN,
in his individual and official )
capacity as instructor for the
Alabama Institute for Deaf and )
Blind,
                    )

DEFENDANTS.

ENTERED

MAY 2 1 1999

## PARTIAL FINAL JUDGMENT UNDER RULE 54(b)

In accordance with the memorandum of decision this day
entered, it is ORDERED, ADJUDGED and DECREED that all claims
stated and sought to be stated in this action against Alabama
Institute for Deaf and Blind and against Robert Swain in his
official capacity are DISMISSED with prejudice, costs taxed
against plaintiffs.  The court expressly determines that there is
no just reason for delay in the entry of final judgment as to the
claims so dismissed and expressly directs that this be entered as
a final judgment under Fed. R. Civ. P. 54(b).

DONE this 21st day of May, 1999.

James W. Vanworl
SENIOR UNITED STATES DISTRICT JUDGE

FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

99 MAY 21  PM 1:20

U.S. DISTRICT COURT
N.D. OF ALABAMA

NANCY FOSTER, individually          )
and as parent and next friend
of BILLIE JOE FOSTER,               )

        PLAINTIFFS,                 )

VS.                                 )        CV99-H-836-E

ALABAMA INSTITUTE FOR DEAF          )
AND BLIND; ROBERT SWAIN,                            ENTERED
in his individual and official      )
capacity as instructor for the               MAY 21 1999
Alabama Institute for Deaf and      )
Blind,
                                    )

        DEFENDANTS.

## MEMORANDUM OF DECISION

On April 6, 1999 plaintiffs filed a complaint seeking to
recover damages from Alabama Institute for Death and Blind (AIDB)
and Robert Swain,[1] in his individual and official capacity as
instructor for AIDB.  All claims of the complaint are against
both defendants and are predicated upon the alleged conduct of
Swain, an employee of AIDB, for alleged sexual molestation of B.
J. Foster, a fourteen-year-old resident dormitory student at
AIDB.  The first claim in the complaint seeks compensatory and
punitive damages predicated upon the alleged deprivation of
rights secured to plaintiffs by the Constitution, the claim being
under 42 U.S.C. § 1983. The next seven claims seek compensatory
and punitive damages predicated upon various theories of recovery
under state law.

───────────────

[1]   The court file does not reflect service of process on
this defendant.

Paragraph seven of the complaint correctly alleges that AIDB "is a state educational institution organized under the laws of the State of Alabama." Indeed, AIDB was created as a public corporation to operate a state educational institution for the deaf and blind by Alabama Code   § 21-1-1 and is managed and controlled by a Board of Trustees consisting of the Governor, the State Superintendent of Education and thirteen other persons appointed by the Governor and confirmed by the Senate.  Alabama Code § 21-1-2.  AIDB is "the official state agency to conduct the state educational and training programs for the deaf, the hearing impaired, the blind and the visually handicapped."  Alabama Code § 21-1-23.  Further, AIDB is obligated to maintain a separate department for adult blind and deaf and legislative appropriations for that department, "shall be made separate and apart from legislative appropriations made for the support and maintenance of the institute."  Alabama Code § 21-1-15. Amendment No. 117 of the Alabama Constitution authorizes the issuance of bonds for construction of facilities at the AIDB which "shall be direct general obligations of the state."  The basic funding for AIDB is through legislative appropriations. AIDB, as a member board of education, is authorized to purchase insurance in cooperation with other boards of education but the statute making that authorization expressly provides it "is not intended and shall not be construed to subject any board of education to liability for tort claims where liability therefor

2

does not already exist by law." Alabama Code § 16-8-43.[2]  There can be no question that AIDB is the State of Alabama for Eleventh Amendment immunity purposes.

The April 28, 1999 motion to dismiss filed by AIDB came on for hearing at a regularly scheduled motion docket held May 20, 1999.  The motion argues for the dismissal of the federal and pendant state law claims on the basis of the Eleventh Amendment.[3] While this alone is a sufficient basis to grant the motion, the motion adds an additional ground for the section 1983 claim (AIDB is not a "person") and an additional ground for the state law claims (Article I, Section 14, Alabama Constitution).

All counts of the complaint seek retroactive damages from the State of Alabama.  The Eleventh Amendment prohibits this court from exercising jurisdiction over the claims stated in those counts since the State has not consented to being sued in federal court or has not waived its immunity[4] and Congress has

---

[2]  An insurance program of this nature is not a waiver of Eleventh Amendment immunity.  Gamble v. Florida Dept. of Health & Rehab. Services, 779 F.2d 1509 (11th Cir. 1986).

[3]  In ruling on the motion, the court is not considering the two affidavits of Kenneth W. Thompson and the affidavit of Dwight A. Hester submitted by AIDB.

[4]  Article I, Section 14 of the Alabama Constitution prohibits the State of Alabama from being a defendant in any court.  See Alabama v. Pugh, 438 U.S. 781 (1978).  A waiver of Eleventh Amendment immunity must be stated in explicit language or overwhelming implications leaving no room for any other construction; and a state's waiver of its sovereign immunity does not waive Eleventh Amendment immunity.  Tuveson v. Florida Governor's Council on Indian Affairs, Inc., 734 F.2d 730 (1984); Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982).  Simply authorizing AIDB to sue and be sued, as expressed in Alabama Code (continued...)

3

not abrogated the States' immunity.[5]  See Edelman v. Jordan, 415
U.S. 651 (1974); Cross v. Alabama, 49 F.3d 1490 (11th Cir. 1995);
Lassiter v. Alabama A & M Univ., 3 F.3d 1482 (11th Cir. 1993).
While the Eleventh Amendment ground of the motion alone, as noted
earlier, is sufficient to grant the motion, the alternative
"person" ground as to the section 1983 claim and the Article I,
Section 14 of the Alabama Constitution ground as to the state law
claims may also be valid, but the court need not address those
alternative grounds.  The principles upon which the Eleventh
Amendment ground of subject motion is predicated are not new or
novel.  Those principles are not subject to question or debate.
It cannot be seriously argued that those principles have no
application to the facts in this case.  The claims sought to be
stated in the complaint against AIDB are wholly frivolous and a
separate order will be entered dismissing AIDB as a defendant
herein, with prejudice.  The dismissal will also reach the claims
stated against Robert Swain "in his official capacity" as that
capacity suit is the equivalent of a suit for retroactive damages
against the State of Alabama.

The order to be entered disposes of all claims stated
against AIDB and all claims stated against Robert Swain in his
official capacity, leaving only the claims stated against Robert

---

[4](...continued)
§ 21-1-1, does not constitute a waiver of Eleventh Amendment
immunity.

[5]   "Congress has not abrogated Eleventh Amendment immunity
in section 1983 cases."  Carr v. City of Florence, 916 F.2d 1521,
1525 (11th Cir. 1990).

4

Swain in his individual capacity. He has not been served with a
copy of the summons and complaint, and there is no just reason
for delaying entry of final judgment as to the claims to be
resolved by the order to be entered in accordance with this
memorandum of decision. The court therefore will direct the
entry of final judgment as to the claims and parties resolved by
the judgment.

DONE this 21st day of May, 1999.

James N. Hancock

SENIOR UNITED STATES DISTRICT JUDGE

5